c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SECTION P

| | |
|---|---|
| CARLOS WOODS #42821-037,<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-00800 |
| VERSUS | CHIEF JUDGE DRELL. |
| M A STANCIL,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the court are a Motion for Speedy Trial (Doc. 3) and a Motion for Appointment of Counsel (Doc. 6) filed by *pro se* plaintiff Carlos Woods ("Woods"). Woods filed a pro se deficient "complaint" against Warden M.A. Stancil requesting a "preliminary injunction for relief from isolation confinement." (Doc. 1).

I.  Motion for Speedy Trial

Woods filed a Motion for Speedy Trial (Doc. 3) alleging that he has not been served criminal information or indictment. This suit is a civil complaint for a preliminary injunction. Woods is applying criminal procedure for speedy trials to this civil suit. The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that a defendant be brought to trial within 70 days of the filing of the indictment, or the date the defendant appears before a judicial officer in the court in which the charge is pending, whichever is later. To the extent Woods is asking for a speedy trial, Woods's motion for speedy trial is denied as the Speedy Trial Act applies to criminal matters only. To the extent Woods is asking for an expedited trial, the court has not yet reviewed this case and determined whether a trial is warranted.

1

## II. Request for Appointment of Counsel

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. This language is not significantly different from that of former section 1915(d). In Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 301-302 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel, because federal courts are not empowered under 28 U.S.C. § 1915(d) to make compulsory appointments.

"Generally speaking, no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915(d) where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985) (internal citations omitted).

Even when a plaintiff has nonfrivolous § 1983 claims, a "trial court is not required to appoint counsel ... unless the case presents exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); see also Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989). Though the Fifth Circuit has declined to articulate a "comprehensive definition of exceptional circumstances," Ulmer, 691 F.2d at 213 (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir.1982)), the court has supplied factors that a district court should consider in determining whether exceptional circumstances warrant the appointment of counsel, including:

1. the type and complexity of the case;
2. the petitioner's ability to present and investigate his case;

> 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
>
> 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

Naranjo v. Thompson, 809 F.3d 793, 799 (5th Cir.2015), citing Parker v. Carpenter, 978 F.2d 190, 193 (5th Cir.1992) (internal quotation marks and citation omitted). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel. See Jackson, 864 F.2d. at 1242; Ulmer, 91 F.2d. at 213.

Here, Woods requests appointment of counsel after filing a pro se complaint requesting a preliminary injunction and motion for speedy trial. (Doc. 6). This case reveals no exceptional circumstances warranting appointment of counsel at this time. The legal issues involve the application of well-established and long-standing principles, and the factual issues are simple. No exceptional skill will be necessary to present the case at trial. While the Court has no specific information regarding Woods's abilities, he has demonstrated that he is capable of drafting a complaint and a motion.

Accordingly,

**IT IS HEREBY ORDERED** that Woods's motion for speedy trial (Doc. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that Woods's motion for appointment of counsel (Doc. 6) is **DENIED**.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this 25th day of September, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

4